Versailles Township *v.* Ulm et ux., Appellants.

Argued May 5, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Howard Zacharias,* with him *Peter Cooper,* for appellants.

*M. Wilson Stewart,* for appellee.

OPINION BY RHODES, J., July 16, 1943:

A resolution or ordinance adopted by the municipal authorities of plaintiff township authorized the construction of sanitary sewers in certain designated streets or highways, including Ohio Avenue, the street on which appellants' property was located. The system was eventually constructed and made usable. A municipal claim was filed against appellants on March 9, 1940, and a writ of scire facias was issued thereon. Appellants filed an affidavit of defense, and the defense therein was that the sewer had been completed prior to September 9, 1939, and that there was a noncompliance with the Act of May 16, 1923, P. L. 207, §9, as amended, 53 PS §2029.

The action was tried before a judge without a jury. He found for plaintiff. Appellants' exceptions to his

findings of fact and conclusions of law were dismissed, and judgment was entered in favor of plaintiff.

The real question involved is, When was the improvement completed?

Section 9 of the Act of May 16, 1923, P. L. 207, as amended, 53 PS §2029, reads in part: "...... and other municipal claims must be filed in said court ...... within six months after the completion of the improvement, where the assessment is made by the municipality upon all the properties after the completion of the improvement ...:...."

The trial judge concluded as a matter of law that the claim of plaintiff had been filed within six months after the completion of the sewer.

The city of McKeesport, in anticipation of satisfactory arrangement with plaintiff and some other municipalities, installed a sewer of sufficient capacity to receive the sewage from that portion of plaintiff township naturally draining thereto and from certain other municipalities.

Plaintiff intending to avail itself of such drainage sewer privileges adopted a resolution or ordinance which provided for the installation of sanitary sewers including a sewer in Ohio Avenue which would accommodate appellants' property. The actual physical work of constructing the sewer in Ohio Avenue in front of appellants' property was done prior to September 9, 1939. On September 9, 1939, upon receipt of payment of plaintiff's proportionate share of the costs, the city of McKeesport entered into an agreement with plaintiff authorizing it to connect its sanitary sewer system with the trunk line sanitary sewer of the city. This agreement permitted the sewer laid in front of appellants' property to drain into the sewer system of the city of McKeesport.

There is no doubt that the actual work of constructing the sewer in Ohio Avenue in front of appellants'

property was done more than six months prior to the filing of the municipal claim, and that there was a connection of plaintiff's sewer system with that of the city of McKeesport made prior to September 9, 1939. But the connection was not made by or under the authority of plaintiff or with the consent and approval of the city of McKeesport. Such connection was clearly tortious, and the city could have moved at any time to have it disconnected. There was no lawful connection until the payment by the plaintiff township and the execution of the contract on September 9, 1939, which provided:

"First: That party of the second part shall pay to the party of the first part the sum of Eleven Thousand Eight Hundred Seventy and Fifty-four One Hundredths ($11,870.54) Dollars, its ascertained and agreed portion of the cost of the enlarged Trunk-Line Sewer.

"Second: That second party may connect its Sanitary Sewer System with said Trunk-Line Sanitary Sewer at the intersection of Pennsylvania Avenue, now called Ohio Avenue, at Fifth Avenue in said City; at Summit Street and O'Neil Boulevard and Hartman Street. Such connections with the trunk or main sewers of first party shall be made under the supervision and to the satisfaction of the City Engineer and of the City Plumbing Inspector of first party; party of the second part shall pay all cost of construction and maintenance thereof."

The idea conveyed by the word "completion" frequently depends upon the connection in which it is found, or the object to be attained. *Newell v. The People ex rel. Phelps*, 7 N. Y. 9, 131. See, also, Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS §551. The "completion" contemplated by the statute under consideration is the lawful and authoritative as well as the physical completion.

The interpretation of "completion of improvement" suggested by appellants—when the actual laying of the sewer was done irrespective of when or whether con-

nection to the McKeesport sewer was made—is untenable in law and in fact. Appellants' interpretation would have obliged them to pay their assessment although the sewer may never have been made available for use. There is no reason to believe that the legislature intended to grant to municipalities the power to file claims for an incomplete, unusable improvement. We are inclined to think that appellants would have contested a municipal claim if it had been filed when the mere work on the Ohio Avenue sewer had been done and before any connection made it usable by them. The word "complete" means "Filled up; with no part, item, or element lacking; free from deficiency; entire; perfect; consummate." Webster's New International Dictionary; *Town of Checotah et al. v. Town of Eufaula et al.,* 31 Okl. 85, 119 P. 1014, 1017. The applicable act does not provide for the filing of a municipal claim on the basis of an existing lien when some particular work is done in furtherance of a project, but only within six months after the completion of the improvement. It is quite apparent that a public improvement is not complete when an essential element is lacking. The mere laying of pipes in a street without an outlet cannot be said to constitute a sanitary sewer. See *Wilkinsburg Borough v. School District,* 298 Pa. 193, 199, 148 A. 77. It is important that there should be a well defined and clearly ascertained time when the six-month period for filing such claims begins to run. Under appellants' theory there could be no possibility for a definite fixing of a period during which the claims against all those liable to assessment could be filed for such an improvement. With this undoubtedly in mind the legislature provided that the six-month period should begin to run from the completion of the improvement. This we think was when the system authorized by the resolution or ordinance was free from deficiency, perfected, and not lacking in any essential part or element.

The truth of the matter is that a connection was surreptitiously made by some one. But appellants can acquire no advantage by such an event—to which plaintiff was not a party—any more than they could if they had brought about the situation themselves. We are of the opinion that the improvement here contemplated was completed when it was lawfully usable for the purpose intended, and that there was no completed sewer system until the contract was signed between the city of McKeesport and plaintiff on September 9, 1939, and payment made by the plaintiff to the city.

Appellants also contend that, if plaintiff had not ratified and acquiesced in the actual physical connection at the time it was made, there was a subsequent ratification. The contract with the city of McKeesport was no ratification of any prior unauthorized acts and contracts of plaintiff's agents or officers, which were within the corporate powers, because no connection was shown to have been made by such agents or officers.

Judgment is affirmed.